**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2455
_____

E. THOMAS SCARBOROUGH, III,
                                       Appellant

v.

COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY;
SUPREME COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-02436)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2020

Before: SHWARTZ, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 20, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant E. Thomas Scarborough, III appeals the District Court's order dismissing his complaint. For the reasons set forth below, we will affirm the District Court's judgment.

According to his operative amended complaint, Scarborough and his ex-wife have been litigating a child-custody matter in the Court of Common Pleas of Northampton County for more than a decade. Scarborough alleged that the Court of Common Pleas violated his due-process rights in a variety of ways, including by improperly deferring to recommendations from a master, granting primary physical custody to Scarborough's ex-wife without holding a trial, ruling that Scarborough had agreed to a custody schedule when he had not actually agreed, and failing to fully consider his submissions. He also claimed that the Pennsylvania Supreme Court violated his due-process rights by dismissing his appeals. Scarborough asserted these claims in the District Court under 42 U.S.C. § 1983.

The defendants filed a motion to dismiss, which the District Court granted. The Court concluded that the two defendants—the Court of Common Pleas and the Pennsylvania Supreme Court—were immune from suit under the Eleventh Amendment. Scarborough filed a timely notice of appeal. In this Court, he has also filed a document requesting "mandamus relief for discovery and summary judgment," in which he asks us to "investigate the internal operations of the Commonwealth Court."

We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the legal grounds underpinning a claim of . . . sovereign immunity." Karns v. Shanahan, 879 F.3d 504, 512 (3d Cir. 2018).

2

We agree with the District Court's analysis.  The Supreme Court of Pennsylvania and the Northampton County Court of Common Pleas are entitled to immunity under the Eleventh Amendment.  See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (explaining that "suits against the States and their agencies . . . are barred regardless of the relief sought").  While states can waive their Eleventh Amendment immunity, see Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Pennsylvania has not done so, see Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) ("The Pennsylvania legislature has, by statute, expressly declined to waive its Eleventh Amendment immunity.").  Moreover, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983, the federal law under which Scarborough proceeds.  See Quern v. Jordan, 440 U.S. 332, 345 (1979).[1]  And contrary to

---

[1] In his brief on appeal, Scarborough claims that Title II of the Americans with Disabilities Act (ADA) abrogates state immunity.  This is true in some circumstances. See Bowers v. NCAA, 475 F.3d 524, 556 (3d Cir. 2007).  However, although he mentioned that he has ADHD and complained about his ability to present his case in state court, Scarborough did not plead an ADA claim in his counseled complaint in the District Court, and he cannot raise a new claim for the first time on appeal.  See Doe v. Mercy Catholic Med. Ctr., 850 F.3d 545, 558 (3d Cir. 2017). We also note that, although the outlines of this putative claim are not at all clear, if Scarborough were to challenge a final order issued by the Court of Common Pleas denying an accommodation, his claim would likely be barred by the Rooker-Feldman doctrine.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010); Sykes v. Cook Cty. Circuit Court Probate Div., 837 F.3d 736, 743 (7th Cir. 2016) ("Rooker-Feldman will not always bar a litigant from bringing claims against a state court for denial of reasonable accommodations. . . . .  But when as in this case the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court.  Rooker-Feldman does not permit such an outcome."); see generally Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 460 (3d Cir. 2019) (discussing when an order is final in this context).

3

Scarborough's argument, he cannot avoid this bar by asserting a freestanding claim under the Fourteenth Amendment.  See Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 185 (3d Cir. 2009); see also Magana v. N. Mar. I., 107 F.3d 1436, 1442–43 (9th Cir. 1997) (Aldisert, J.).  Because of this bar, we are also satisfied that any amendment to the complaint would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 106, 108 (3d Cir 2002).

Accordingly, we will affirm the District Court's judgment.  Scarborough's motion "for mandamus relief for discovery and summary judgment" is denied.